[995 NYS2d 674]

New Capital Supply, Inc., as Assignee of Jacques Gladys, Plaintiff, v State Farm Mutual Automobile Ins. Co., Defendant.

Civil Court of the City of New York, New York County, August 14, 2014

## APPEARANCES OF COUNSEL

*Rivkin Radler LLP*, Uniondale (*Shana Slawitsky* of counsel), for defendant.

*Gary Tsirelman P.C.*, Brooklyn (*Irena Golodkeyer* of counsel), for plaintiff.

## OPINION OF THE COURT

Gerald Lebovits, J.

Plaintiff brought this no-fault benefits action seeking

reimbursement for $844.13 for medical services rendered to assignor, Jacques Gladys. Plaintiff submitted to defendant one bill for date of service May 31, 2011. Defendant denied the claim on the basis that the medical provider failed to appear for two scheduled examinations under oath (EUOs).

Defendant moves for summary judgment under CPLR 3212 on the ground that the medical provider failed to appear for two scheduled EUOs and, thus, that plaintiff breached a condition precedent to coverage. Plaintiff's most persuasive argument in opposition is that defendant failed to prove the provider's nonappearance for the EUOs. Plaintiff argues that Michael Sirignano's affirmation is insufficient because, plaintiff argues, he has no personal knowledge of the provider's nonappearance for the EUOs. (Golodkeyer affirmation, Sept. 12, 2013, ¶ 24.) Without moving for disclosure, plaintiff seeks disclosure about defendant's special investigation unit (SIU) file and its SIU investigation and claims practices before, it urges, it can properly oppose defendant's summary judgment motion. (Golodkeyer affirmation, Sept. 12, 2013, ¶ 16.)

After oral argument, the court asked the parties to submit memorandums of law about whether Sirignano's affirmation comports with an Appellate Term, Second Department decision: *Alrof, Inc. v Safeco Natl. Ins. Co.* (39 Misc 3d 130[A], 2013 NY Slip Op 50458[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, Mar. 21, 2013]). Since oral argument, only defendant submitted a memorandum of law on this issue.

In *Alrof*, the court determined that the "affidavit of defendant's attorney was of no probative value as it lacked personal knowledge of the nonappearance of plaintiff." (*Alrof*, 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U], *1.) The court held that "[i]t is well settled that a motion for summary judgment must be supported by an affidavit from a person having knowledge of the facts (CPLR 3212 [b]). A conclusory statement from an attorney which fails to demonstrate his or her personal knowledge is insufficient to support summary judgment." (*Id.* at *1-2.)

The proof the *Alrof* court considered was an affidavit from Vincent F. Gerbino, a partner at Bruno, Gerbino & Soriano, LLP. In his affidavit, Gerbino states that he has "personal knowledge of the facts at issue . . . based on [his] review of the file and [his] knowledge of office practices and procedures." (Exhibit 2, Gerbino aff, Mar. 23, 2009, ¶ 3.) Gerbino states that

the "office mailed correspondence to Jonathan Rosario [the assignor] notifying that he was scheduled for an EUO on July 18, 2008, at 10:00 AM. He did not appear on this date. Therefore, . . . this office . . . re-scheduled . . . [the] EUO on July 30, 2008, at 1:00PM." (Exhibit 2, Gerbino aff, Mar. 23, 2009, ¶ 3.) Gerbino thus states that "Jonathan Rosario failed to appear at both . . . EUO's." (Exhibit 2, Gerbino aff, Mar. 23, 2009, ¶ 3.)

Since *Alrof*, the court revisited the issue of the sufficiency of an attorney's affirmation to prove nonappearance at EUOs in *Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co.* (40 Misc 3d 130[A], 2013 NY Slip Op 51123[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, July 5, 2013]). In *Bright Med.*, the court held the court below properly denied defendant's summary judgment motion because "defendant failed to submit proof by someone with personal knowledge of the nonappearance of plaintiff for the EUOs in question." (*Id.*, citing *Alrof*, 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U], *1.)

The proof the *Bright Med.* court considered was the affirmation of Michael A. Callinan. (Defendant's reply affirmation, exhibit 9.) Callinan states that the

"EUO for July 14, 2009, was scheduled at your affiant's office, located at 445 Broad Hollow Road, Melville, New York 11747. I was present at your affiant's office . . . on July 14, 2009, the date of the scheduled EUO. Further, had the EUO proceeded, I would likely have been the attorney assigned to conduct said EUO." (Exhibit 9, Callinan affirmation, July 28, 2010, ¶¶ 15-16.)

Callinan states that "[b]ased on this personal knowledge, as well as a review of the file maintained by our office . . . I know that Plaintiff failed to appear for a scheduled EUO on July 14, 2009." (Exhibit 9, Callinan affirmation, July 28, 2010, ¶ 16.) Callinan's office scheduled the second EUO on August 10, 2009. (Exhibit 9, Callinan affirmation, July 28, 2010, ¶ 16.) Callinan states that he "was present at your affiant's office, located at 445 Broad Hollow Road, Melville, New York 11747, the location of the scheduled EUO, on August 10, 2009, the date of the scheduled EUO. Further, had the EUO proceeded, I would likely have been the attorney assigned to conduct said EUO." (Exhibit 9, Callinan affirmation, July 28, 2010, ¶ 17.) Callinan states that "[b]ased on this personal knowledge, as well as a review of the file maintained by our office . . . I know that Plaintiff, Bright Medical Supply Co., failed to appear for a scheduled EUO on August 10, 2009." (Exhibit 9, Callinan affirmation, July 28, 2010, ¶ 17.)

Since *Bright Med.*, the court determined that the affirmation of defendant's attorney "who was present in his office to conduct plaintiff's EUO on the scheduled dates . . . was sufficient to establish that plaintiff had failed to appear." (*Natural Therapy Accupuncture, P.C. v State Farm Mut. Auto. Ins. Co.*, 42 Misc 3d 137[A], 2014 NY Slip Op 50134[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, Jan. 28, 2014].) In *Natural Therapy*, the court considered the affirmation of Elizabeth Adels, a partner at McDonnell & Adels, PLLC. (Defendant's additional submission, Adels affirmation, Oct. 12, 2011, ¶ 1.) Adels states that on "April 29, 2010, Plaintiff was scheduled to submit to an EUO . . . . I was present in the office on this date in order to conduct the EUO of Plaintiff. No one affiliated with Plaintiff appeared for the EUO scheduled for April 29, 2010." (Defendant's additional submission, Adels affirmation, Oct. 12, 2011, ¶ 3.) Adels states that defendant rescheduled the EUO for May 25, 2010. (Defendant's additional submission, Adels affirmation, Oct. 12, 2011, ¶ 3.) Adels states

"I was present in the office on this date in order to conduct the rescheduled EUO of plaintiff. Once again, no one affiliated with Plaintiff appeared for the EUO rescheduled for May 25, 2010. If Plaintiff had appeared for the scheduled EUOs, I would have conducted the EUO of Plaintiff or assigned one of the other attorneys responsible for conducting EUOs to conduct the EUO of Plaintiff." (Defendant's additional submission, Adels affirmation, Oct. 12, 2011, ¶ 3.)

This court must decide whether Michael Sirignano's affirmation is sufficient, under *Alrof* and its progeny,* to prove the provider's nonappearance for the EUOs. Also, this court must also determine whether Sirignano has personal knowledge of the provider's nonappearance at the EUOs.

Sirignano's affirmation is sufficient to prove the provider's nonappearance for the two EUOs. Sirignano has personal knowledge of the provider's nonappearance at the EUOs. Sirignano states the following:

---

* One of the cases defendant attaches to its memorandum of law pre-dates *Alrof*. (Exhibit 1, *Mega Supplies Billing, Inc. v State Farm Mut. Auto. Ins. Co.*, 36 Misc 3d 130[A], 2012 NY Slip Op 51276[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012].) Also, in the cases defendant attaches on the *Alrof* issue—the sufficiency of an affirmation or affidavit to demonstrate personal knowledge of the assignor's or the provider's nonappearance at an EUO—the parties never raised the *Alrof* issue on appeal. (Exhibit 4.)

"3. On July 27, 2011, plaintiff was scheduled to submit to an EUO at the offices of Rivkin Radler located 926 RXR Plaza, Uniondale, New York 11556, at 10:00 o'clock in the forenoon of that day [sic]. I was present in the office on this date. No one affiliated with the Plaintiff appeared for the scheduled EUO. If Plaintiff had appeared for the scheduled EUO, I would have conducted the EUO of Plaintiff or assigned one of the other attorneys responsible for conducting EUOs to conduct the EUO of Plaintiff.

"4. Thereafter, State Farm rescheduled the EUO for August 30, 2011. I was present in the office on this date. Again, no one affiliated with the Plaintiff appeared for the scheduled EUO on August 30, 2011. If Plaintiff had appeared for the scheduled EUO, I would have conducted the EUO of Plaintiff or assigned one of the other attorneys responsible for conducting EUOs to conduct the EUO of Plaintiff." (Notice of motion, exhibit 3, Sirignano affirmation, July 11, 2012, ¶¶ 3-4.)

Sirignano has personal knowledge: He was present on both dates, July 27, 2011 and August 30, 2011. Plaintiff did not appear on either date. Like the attorney in *Natural Therapy*, Sirignano was present on both dates that plaintiff was scheduled for the EUO. Had plaintiff appeared, Sirignano would have conducted plaintiff's EUO. Or, he would have assigned one of the other attorneys responsible for conducting EUOs to conduct plaintiff's EUO.

Unlike the attorney in *Alrof* who explained in conclusory language that plaintiff failed to appear for EUOs, Sirignano explains his basis for knowing that plaintiff failed to appear for two EUOs.

Sirignano does not equivocate like the attorney in *Bright Med.* did: "I would likely have been the attorney assigned to conduct said EUO." (Exhibit 9, Callinan affirmation, July 28, 2010, ¶ 17.) Sirignano states that "[i]f Plaintiff had appeared for the scheduled EUO, I would have conducted the EUO of Plaintiff or assigned one of the other attorneys responsible for conducting EUOs." (Notice of motion, exhibit 3, Sirignano affirmation, July 11, 2012, ¶ 4.)

Plaintiff argues that Sirignano's "potential assignment [of plaintiff's EUO] diminishes [his] credibility as to his personal knowledge that no one affiliated with Plaintiff appeared for the

scheduled EUOs." (Golodkeyer affirmation, Sept. 12, 2013, ¶ 24.) Sirignano's statement does not diminish his credibility, in fact it highlights his credibility.

Plaintiff's other arguments are also unpersuasive. That the EUO scheduling letters indicate that the EUOs were scheduled at Rivkin Radler LLP's office in Uniondale, New York, "Attn. Barry Levy, Esq." is of no consequence. (See notice of motion, exhibit 1.) Plaintiff's argument—that based on the EUO letters Barry Levy, Esq. was the attorney who would conduct the EUO—is misplaced. (Golodkeyer affirmation, Sept. 12, 2013, ¶ 24.) Sirignano states that he was responsible for plaintiff's EUO.

That the EUO scheduling letters indicate that the plaintiff call "JUDY AUBIN . . . no later than seven days prior to this examination to confirm your attendance" is also of no consequence. Sirignano states that he was responsible for plaintiff's EUO. In any event, plaintiff does not allege that it attempted to confirm the EUO appointments with Ms. Aubin or anyone else at Rivkin Radler LLP.

Nor is it significant that Sirignano does not describe the "check-in procedure that is followed by the law firm regarding EUO attendance." (Golodkeyer affirmation, Sept. 12, 2013, ¶ 25.) Sirignano need not describe the firm's check-in procedure for EUOs. Sirignano need only demonstrate, through his personal knowledge, that the plaintiff failed to appear for two scheduled EUOs.

Plaintiff did not respond to defendant's request for EUOs. (See Concourse Chiropractic, PLLC v State Farm Mut. Ins. Co., 42 Misc 3d 131[A], 2013 NY Slip Op 52225[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists, Dec. 20, 2013] ["(P)laintiff did not respond in any way to the EUO scheduling letters sent by defendant. Since the opposing affirmation submitted by plaintiff's counsel was insufficient to raise a triable issue of fact with respect to the claims denied on the ground that plaintiff had failed to appear at the EUOs . . . defendant is entitled to summary judgment"], citing Crescent Radiology, PLLC v American Tr. Ins. Co., 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011].)

Plaintiff's request for defendant's special investigation unit file, the SIU investigation, and its claims practices is not necessary to oppose defendant's summary judgment motion: "Since plaintiff does not claim to have responded in any way to the EUO request, its objections regarding the EUO requests will not now be heard . . . and therefore discovery relevant to the

reasonableness of the EUO requests was not necessary to oppose the motion." (*Flatlands Med., P.C. v State Farm Mut. Auto. Ins. Co.*, 39 Misc 3d 142[A], 2013 NY Slip Op 50763[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, May 6, 2013], citing CPLR 3212 [f] and *Crescent Radiology*, 31 Misc 3d 134[A], 2011 NY Slip Op 50622[U], *1; *Natural Therapy*, 42 Misc 3d 137[A], 2014 NY Slip Op 50134[U], *1.) Plaintiff did not respond to defendant's EUO requests; therefore, plaintiff cannot now object to defendant's EUO requests. Also, plaintiff did not move to compel disclosure. Plaintiff's request, raised only in its opposition papers, is denied.

Defendant proved that it timely and properly mailed the EUO letters to plaintiff. Defendant proved that plaintiff failed to appear for the EUOs on July 27, 2011, and August 30, 2011. Defendant also proved that it timely and properly mailed the denial, NF-10, to plaintiff.

Plaintiff's counsel's affirmation, coming from an individual without personal knowledge, has no probative value. Plaintiff's counsel's affirmation creates no material issue of fact for trial.

Defendant's motion is granted.